IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL SCHAU, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. CIV-24-887-D |
| TRISURA SPECIALTY INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; GOTHAM INSURANCE COMPANY; and SUMMIT SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion to Remand [Doc. No. 8]. Defendants Trisura Specialty Insurance Company, QBE Specialty Insurance Company, Gotham Insurance Company, and Summit Specialty Insurance Company have filed a joint response [Doc. No. 9], to which Plaintiff has replied [Doc. No. 10].[1] The matter is fully briefed and at issue.

### **BACKGROUND**

Plaintiff filed suit against Defendants in the District Court of Oklahoma County, Oklahoma. In his petition [Doc. No. 1-1], Plaintiff alleges that he owned certain commercial property located at 6601 S. Air Depot Blvd. in Oklahoma City, Oklahoma, and

---

[1] Lancashire Insurance Company (UK) Limited and Palms Insurance Company Limited were dismissed without prejudice from the state-court action prior to removal. [Doc. Nos. 1-4, 1-5]. Lancashire and Palms are citizens of the United Kingdom and the Cayman Islands, respectively. Although their presence is not required for the Court's determination that remand is not appropriate, Defendants will be ordered to show cause as to why Lancashire and Palms were named as defendants in the notice of removal.

1

the property was insured under a property commercial insurance policy underwritten by Lancashire, Palms, and Defendants.[2] Plaintiff's property was damaged in a storm in April of 2023, for which he submitted a claim for damages to Insurers. Although the storm damage was purportedly a covered loss under the policy, Insurers allegedly breached the insurance policy by wrongfully denying Plaintiff's claim for storm damage. Finally, Plaintiff alleges that Insurers acted in bad faith in handling Plaintiff's insurance claim.

Defendants removed the action on August 27, 2024, on the grounds that there is a valid arbitration agreement in the subject policy, and the agreement falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. In support of removal, Defendants cite to the arbitration clause of the policy, which provides that all "matters in difference between the Insured and the [Insurers] … in relation to this insurance, including its formation and validity … shall be referred to an arbitration tribunal." [Doc. No. 1-14, at 30-31]. Two Insurers, Lancashire and Palms, are citizens of foreign countries. Therefore, Defendants contend that this Court has original jurisdiction under 9 U.S.C. § 202 (arbitration agreement or award falling under the Convention), § 203 (action falling under the Convention shall be deemed to arise under the laws and treaties of the United States), and § 205 (removal of such actions from state courts).

Plaintiff timely moved to remand the action to state court. Plaintiff asserts that this Court does not have subject matter jurisdiction over this action. Specifically, Plaintiff

---

[2] Hereinafter, "Insurers" will mean Defendants (Trisura Specialty Insurance Company, QBE Specialty Insurance Company, Gotham Insurance Company, and Summit Specialty Insurance Company), Lancashire Insurance Company (UK) Limited, and Palms Insurance Company.

argues: first, that U.S. law and public policy prohibit the arbitration of this insurance dispute; and second, that the Tenth Circuit has not addressed a circuit split regarding whether the McCarran-Ferguson Act reverse-preempts Chapter 2 of the Federal Arbitration Act. For these reasons, Plaintiff asserts that this action should be remanded back to the District Court of Oklahoma County, Oklahoma.

## DISCUSSION

Defendants assert that federal question jurisdiction exists because this action "falls under" the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the Convention). *See* 9 U.S.C. § 203. As the removing parties, Defendants must affirmatively establish that federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008).

9 U.S.C. § 203 grants original jurisdiction to the district courts, regardless of the amount in controversy, for "[a]n action or proceeding falling under the Convention." 9 U.S.C. § 203. Section 205 governs removal of such actions from state courts, providing that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention," the defendants may remove such action. 9 U.S.C. § 205. When an action is removed under Section 205, "the ground for removal … need not appear on the face of the complaint but may be shown in the petition for removal." *Id.*

Section 202 provides guidance on when actions "fall under" the Convention:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, … falls under the Convention. An agreement or

3

> award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.

9 U.S.C. § 202; *see also Baker Hughes Servs. Int'l, LLC v. Joshi Techs. Int'l, Inc.*, 73 F.4th 1139, 1145 (10th Cir. 2023) ("Congress vested the federal courts with jurisdiction to hear actions and proceedings 'falling under the Convention' in 9 U.S.C. § 203. And Congress defined that phrase in 9 U.S.C. § 202."). Accordingly, this Court has original jurisdiction if: 1) the arbitration clause in the policy "falls under" the Convention; and 2) the subject matter of the state-court action "relates to" the arbitration agreement in the policy.

In support of removal, Defendants contend that this Court has subject matter jurisdiction because the arbitration agreement between Plaintiff and Insurers arises out of a commercial legal relationship involving foreign parties (Lancashire and Palms). Defendants further assert that Plaintiff's pre-removal dismissal without prejudice of Lancashire and Palms does not affect this Court's exercise of original jurisdiction under Sections 203 and 205. *See Bufkin Enters., L.L.C. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 732 (5th Cir. 2024) ("While Bufkin was certainly free to name and then dismiss the foreign insurers, the district court was not free to *disregard* them in considering the domestic insurers' motion to compel arbitration."). Finally, Defendants contend that the state-court litigation "relates to" the arbitration agreement as the arbitration clause in the policy could clearly affect the outcome of the state-court action.

In his motion to remand, Plaintiff conflates the question of whether the arbitration clause falls under the Convention with a merits determination of the enforceability of the arbitration clause in the policy. For instance, Plaintiff does not attempt to argue that the arbitration clause does not arise out of a commercial legal relationship; or that the parties to the insurance policy are all U.S. citizens. Rather, Plaintiff contends that the arbitration clause in the policy should not be *enforced* for various reasons. None of the case law cited by Plaintiff supports the proposition that a Court must first decide on the merits whether an arbitration clause is enforceable before exercising original jurisdiction under 9 U.S.C. §§ 203, 205. Nor does Plaintiff assert that the state-court action does not "relate to" the arbitration agreement in the policy.

For these reasons, the Court finds that Defendants have met their burden to establish this Court's original jurisdiction under 9 U.S.C. §§ 203, 205. Accordingly, Plaintiff's motion to remand based on lack of subject matter jurisdiction will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 8] is **DENIED**.

**IT IS SO ORDERED** this 14th day of March, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge