## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL SCHAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-887-D |
| | ) | |
| TRISURA SPECIALTY INSURANCE | ) | |
| COMPANY; QBE SPECIALTY | ) | |
| INSURANCE COMPANY; GOTHAM | ) | |
| INSURANCE COMPANY; and | ) | |
| SUMMIT SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Defendants' Motion to Compel Arbitration and Stay the Proceedings and Brief in Support [Doc. No. 24]. Plaintiff has filed a response [Doc. No. 27], and Defendants replied [Doc. No. 28]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff filed suit against Defendants in the District Court of Oklahoma County, Oklahoma. In his petition [Doc. No. 1-1], Plaintiff alleges that he owned certain commercial property located at 6601 S. Air Depot Blvd. in Oklahoma City, Oklahoma, and the property was insured under a property commercial insurance policy underwritten by Lancashire, Palms, and Defendants.[1] Plaintiff's property was damaged in a storm in April

---

[1] Lancashire Insurance Company (UK) Limited and Palms Insurance Company Limited were dismissed without prejudice from the state court action prior to removal. [Doc. Nos. 1-4, 1-5]. Lancashire and Palms are citizens of the United Kingdom and the Cayman Islands, respectively. Hereinafter, "Insurers" will mean Defendants (Trisura Specialty Insurance Company, QBE

of 2023, for which he submitted a claim for damages to Insurers. Although the storm damage was purportedly a covered loss under the policy, Insurers allegedly breached the insurance policy by wrongfully denying Plaintiff's claim for storm damage. Finally, Plaintiff alleges that Insurers acted in bad faith in handling Plaintiff's insurance claim.

Defendants now move to compel arbitration and stay these proceedings based on the arbitration clause in the underlying policy. Defendants contend that there is a valid arbitration agreement in the policy, and the agreement falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the Convention). In response, Plaintiff argues that Chapter 2 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 201-208, which implemented the Convention[2], is an "act of Congress" that is reverse preempted by Section 1855(D) of the Oklahoma Uniform Arbitration Act (OUAA). *See* Okla. Stat. tit. 12, § 1855(D) ("The Uniform Arbitration Act shall not apply to collective bargaining agreements and contracts which reference insurance, except for those contracts between insurance companies."). Pursuant to the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance … unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b). Plaintiff contends that—because Oklahoma law explicitly excludes "contracts which reference

---

Specialty Insurance Company, Gotham Insurance Company, and Summit Specialty Insurance Company), Lancashire Insurance Company (UK) Limited, and Palms Insurance Company.

[2] Chapter 2 of the FAA is commonly referred to as the "Convention Act."

insurance" from the OUAA—Chapter 2 of the FAA must yield to Section 1855(D) of the OUAA, and the Court should decline to compel arbitration in this matter.

## DISCUSSION

## I.    Reverse Preemption

The insurance policy contains the following arbitration clause, in relevant part:

> All matters in difference between the Insured and the Companies … in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

[Doc. No. 24-1, at 30-31]. In the present motion, Defendants contend that the arbitration clause in the policy is enforceable because the Convention requires courts to "refer the parties to arbitration, unless [the court] finds that the said agreement is null and void, inoperative or incapable of being performed." [Doc. No. 24, at 9].

As stated above, the McCarran-Ferguson Act provides that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance … unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b). The McCarran-Ferguson Act therefore allows a State law regulating the business of insurance to reverse preempt conflicting federal law that does not specifically relate to insurance.

Implicit in Defendants' argument to compel arbitration is that because the Convention is a self-executing treaty, it is not an "Act of Congress" that can be reverse preempted by conflicting State insurance law. However, the Tenth Circuit has provided that the Convention is not self-executing, meaning that the Convention required

implementing legislation—here, Chapter 2 of the FAA—to have legal effect in domestic courts. *See Compañía de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 58 F.4th 429, 457 n.25 (10th Cir. 2023). In that case, involving the confirmation of an international arbitration award, the Tenth Circuit rejected the dissenting opinion's determination that the appeal "[was] ultimately a New York Convention case." *Id.* In doing so, the Tenth Circuit stated, "the Convention is not self-executing. None of its provisions 'operates of itself without the aid of any legislative provision.'" *Id.* (citing *Medellin v. Texas*, 552 U.S. 491, 505 (2008)).[3]

Treating the Convention as non-self-executing, the Court next determines whether the Convention's implementing act—Chapter 2 of the FAA—is reverse-preempted by Section 1855(D) of the OUAA. *See* Okla. Stat. tit. 12, § 1855. Similar to the Convention, the OUAA provides that "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." Okla. Stat. tit. 12, § 1857(A). Critically, however, Section 1855(D) of the OUAA specifically exempts insurance policies from the OUAA: "The Uniform Arbitration Act shall not apply to collective bargaining agreements and contracts

---

[3] As Defendants point out, other Circuit Courts have analyzed the Convention under *Medellin* and concluded that the Convention is self-executing. [Doc. No. 24, at 20-21] (collecting cases). Given the Tenth Circuit's statement—citing *Medellin*—that "*none* of [the Convention's] provisions 'operates of itself without the aid of any legislative provision,'" the Court will treat the Convention as non-self-executing for purposes of this reverse preemption analysis.

which reference insurance, except for those contracts between insurance companies." Okla. Stat. tit. 12, § 1855(D).[4]

The Tenth Circuit has applied a "three-part test for the determination of whether the McCarran-Ferguson Act should be applied: (1) does the federal statute at issue 'specifically relate to the business of insurance'; (2) was the state statute enacted 'for the purpose of regulating the business of insurance'; (3) would application of the federal statute 'impair, interfere, or [supersede]' the state statute?" *Davister Corp. v. United Republic Life Ins. Co.*, 152 F.3d 1277, 1279 n.1 (10th Cir. 1998).

Applying this three-part test and utilizing the plain language of the McCarran-Ferguson Act, the Court finds that Section 1855(D) reverse preempts Chapter 2 of the FAA. First, the Court finds that Chapter 2 of the FAA is plainly an "Act of Congress" for purposes of the McCarran-Ferguson Act. And Chapter 2 of the FAA does not "specifically relate[] to the business of insurance." *See Davister Corp.*, 152 F.3d at 1279 n.1 (10th Cir. 1998) ("[T]he Federal Arbitration Act does not specifically relate to the business of insurance."); *see also Krohmer Marina, LLC v. Certain Underwriters at Lloyd's London*, No. 20-CV-402-JWB, 655 F.Supp.3d 1124, 1142 (E.D. Okla. Feb. 9, 2023) ("[T]he Convention Act is clearly an 'Act of Congress' within the McCarran-Ferguson Act's meaning.").

Looking to the applicable state statute, the Court further finds that Section 1855(D) is a "law enacted by [a] State for the purpose of regulating the business of insurance." 15 U.S.C. § 1012(b); *see also Sparks v. Old Republic Home Protection Co., Inc.*, 467 P.3d

---

[4] The parties do not dispute that the subject insurance policy constitutes a "contract[] which reference[s] insurance" as described in Section 1855(D).

680, 691 (Okla. 2020) ("We further hold that § 1855 of this Act is a state law enacted for the purpose of regulating insurance, and thus, the McCarran-Ferguson Act applies precluding the Federal Arbitration Act from preempting conflicting state law."); *see also Mut. Reinsurance Bureau v. Great Plains Mut. Ins. Co., Inc.*, 969 F.2d 931, 933 (10th Cir. 1992) (concluding a similar Kansas statute was enacted for the purpose of regulating the business of insurance, reverse preempting the FAA).

Finally, Defendants do not contest that application of Chapter 2 of the FAA to an insurance policy would "invalidate, impair, or supersede" Section 1855(D)'s explicit exclusion of insurance contracts from the OUAA. *See Rader v. Ox Car Care Inc.*, No. 24-CV-445-JFJ, 2025 WL 1908968, at *5 (N.D. Okla. July 10, 2025) ("[A]pplication of the FAA's preemption provision would preclude enforcement of and supersede § 1855(D) with respect to any contracts that 'reference insurance.'"); *see also Krohmer Marina, LLC*, 655 F.Supp.3d at 1143 ("Finally, application of the Convention Act to enforce the Policy's arbitration clause would 'invalidate, impair, or supersede' the OUAA, because it expressly proscribes the enforcement of the Policy's arbitration clause."). Accordingly, the Court agrees with Plaintiff that Chapter 2 of the FAA must yield to Section 1855(D), and the Court should decline to compel arbitration of this matter under the Convention or Chapter 2 of the FAA.[5] *Rader*, 2025 WL 1908968, at * 5 ("Therefore, the OUAA generally functions to 'reverse preempt' mandatory arbitration provisions in contracts that 'reference insurance,' such that the parties cannot be forced to arbitrate.").

---

[5] Given this determination, the Court need not address Plaintiff's argument that the arbitration agreement is also unconscionable.

## II.      Equitable Estoppel

Defendants also argue that the Court should compel arbitration under the doctrine of equitable estoppel, citing *Bufkin Enters. v. Indian Harbor Ins. Co.*, 96 F.4th 726 (5th Cir. 2024). In *Bufkin*, the Fifth Circuit compelled arbitration through equitable estoppel because the plaintiff had originally named the foreign insurers as defendants "and accused them of the same malfeasance as the domestic insurers." *Id.* at 732. Although there are similarities between the *Bufkin* plaintiff's conduct and Plaintiff's conduct in this case, the Court declines to apply equitable estoppel to compel arbitration. Notably, in *Bufkin*, the Fifth Circuit specifically addressed reverse preemption, noting that the Fifth Circuit had "already held that [the Louisiana statute] does not reverse preempt the Convention because the McCarran-Ferguson Act does not apply to treaties." *Id.* (citing *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's London*, 587 F.3d 714, 718 (5th Cir. 2009)). Therefore, the Louisiana statute "[did] not come into play" and there was "no tension" between compelling arbitration via equitable estoppel and Louisiana law. *Id.* at 732-33. Conversely, in this case, the Court has determined that Section 1855(D) of the OUAA reverse preempts Chapter 2 of the FAA, and the Court thus declines to compel arbitration under the doctrine of equitable estoppel in these circumstances.

## CONCLUSION

For these reasons, Defendants' Motion to Compel Arbitration and Stay Proceedings and Brief in Support [Doc. No. 24] is **DENIED**.

**IT IS SO ORDERED** this 17th  day of February, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge